**Christine ADAMS, Individually and on behalf of minor son, Randell Adams, Plaintiff-Appellant,**

v.

**Richard HARDEN, Defendant-Appellee.**

**No. 73-1932.**

United States Court of Appeals,
Fifth Circuit.

April 26, 1974.

William J. Brennan, Jr., Jay E. Loeb, Michael H. Terry, David A. Webster, Atlanta, Ga., for plaintiff-appellant.

Arthur K. Bolton, Atty. Gen. of Ga., Timothy J. Sweeney, Dorothy Y. Kirkley, Asst. Attys. Gen., Atlanta, Ga., for defendant-appellee.

Before COLEMAN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

This was an action brought by plaintiff on December 30, 1972 under 42 U. S.C., § 1983 seeking to redress a claimed deprivation of federal rights under the Fourteenth Amendment and under 28 U.S.C., § 2201 seeking a declaration of rights. Jurisdiction was claimed under 28 U.S.C., §§ 1343(3) and (4). The injury claimed was the result of a deviation under the State's plan for Aid to Family with Dependent Children (AFDC) from the standards of the Social Security Act, 42 U.S.C., § 601 et seq., in the enforcement of portions of the Georgia statute, Ga.Laws 1937, p. 630, as amended, particularly by Ga. Laws 1964, p. 125, Ga.Code Ann., § 99–902, and the corresponding state regulation, which limited eligibility of sixteen-seventeen year olds under the State's plan to those who attend school or who are physically unable to attend school. See Townsend v. Swank, 404 U. S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971).

On February 16, 1972, the State regulations were amended to conform to Townsend v. Swank. Thereafter, no school attendance requirement was enforced.

The litigation continued in an effort to require the defendant to pay retroactively to the members of the class the sums which should have been paid between December 20, 1971 and February 16, 1972 had it not been for the offending regulation. The defense, among other things, pled the Eleventh Amendment. The District Court denied the claim and this appeal followed.

We heard oral argument at New Orleans, December 12, 1973 and deferred decision awaiting the outcome in the Supreme Court of Edelman v. Jordan [No. 72-6476].

On March 25, 1974, the Supreme Court decided that case —— U.S. ——, 94 S.Ct. 1347, 39 L.Ed.2d 662. It was there held that the Eleventh Amendment bars a federal district court from awarding retroactive benefits under a federal-state public aid program that are ultimately payable from state's general revenues.

The judgment of the District Court is Affirmed.